IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CALVIN LYDELL MOORE                                                              PLAINTIFF

     v.                              Civil No. 13-2087

BILL HOLLENBECK, Sheriff,
Sebastian County, Arkansas                                                      DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed *in forma pauperis*.

When he filed the complaint, Plaintiff was informed that he needed to immediately advise the Court of any changes in his address (Doc. 3). On April 15, 2013, mail was returned to the Court marked released. Plaintiff provided no other address to the Court.

On April 18, 2013, Defendant filed a motion to dismiss (Doc. 13) based on Plaintiff's failure to comply with Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas. Defendant indicated he was unable to effect service of his answer on the Plaintiff.

Local Rule 5.5(c)(2) provides in part as follows:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

On April 23, 2013, a change of address was entered on Plaintiff's behalf (Doc. 14). Plaintiff was again reminded that he had an obligation to keep the Court informed of any changes in his address. On April 29th, May 1st, and May 28th, the Court received mail returned as undeliverable.

On June 12th, Defendant filed a second motion to dismiss (Doc. 15) based on Plaintiff's failure to comply with Rule 5.5(c)(2). To date, the Court has not received any communication from the Plaintiff.

I therefore recommend that the motions to dismiss (Doc. 13 & Doc. 15) be granted and the complaint be dismissed on the grounds Plaintiff has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of August 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE